Lee Henry, Miami, for plaintiffs.

Matthew M. Slepin, Miami, for defendant.

**In re IVEY.**
No. 66-217.
Florida Industrial Commission.
Unemployment Compensation Board of Review.

May 31, 1966.

Patrick A. Mears and W. W. Stalvey, both of Tallahassee, for the commission.

Florida Unemployment Compensation Board of Review, J. D. WRIGHT, Jr., Chairman, WALTER L. LIGHTSEY, Member, FRANK M. NELSON, Jr., Member.

This cause came on for final administrative disposition by the board of review at Tallahassee on May 18, 1966, on claimant's appeal as of right, and was reviewed upon the record.

*Nature of previous decision:* The appeals referee affirmed the determination by the claims examiner, disqualifying claimant for benefits because she voluntarily left her employment without good cause attributable to the employer, but modified the determination as to date. The appeals referee also affirmed the determination by the claims examiner, noncharging the employment record of the employer with any benefit payments paid to claimant.

*Findings of fact:* The claimant is a 27-year-old general office worker who was employed by a national baking company from December, 1958, to about February 7, 1966, when she was separated under the following conditions —

Claimant's services were satisfactory to early August, 1965, when she was injured in an automobile accident. The injury

was not a work-connected disability. After about two weeks claimant was released by her doctor for light duty and returned to work. There was no "light duty" as such available, and claimant was unable to perform her duties. She again went on sick leave on or about September 2, 1965. On January 6, 1966 the employer notified claimant that she would have to return to work on Monday, January 10, 1966, or be terminated. Claimant's personal physician was in disagreement with her returning to work before a brace was removed. The removal was scheduled for January 31, 1966. Claimant secured a statement to this effect from her doctor, together with a supplemental report from the insurance doctor. This material was submitted to the employer before January 10, 1966. The claimant was informed by the employer that the material would be submitted to the Atlanta, Georgia, regional office for consideration. Although the claimant remained in almost constant contact with the employer, she received no further instructions from the employer by January 31, 1966. On January 31, 1966, claimant had her brace removed, and since she was under the impression that she had been terminated when she did not report for work on January 10, 1966, she filed her claim for unemployment compensation. Claimant was scheduled for an interview with a prospective employer for Monday, February 7, 1966. On February 4, 1966, the employer telephoned claimant at her home and asked her to come in the following week to discuss her employment situation with the employer. Later in the day, the claimant and her husband went to the employer's premises to discuss the matter with her supervisor. Claimant was then informed that the supervisor had no authority to discuss the situation, but that the regional manager from Atlanta would be in the office the following week and that claimant should come in and discuss her employment with him. Since claimant was under the impression that the executive from Atlanta would be in the Tampa office for several days subsequent to the 10th of February claimant did not return to the office on Monday, February 7, 1966. On that date she was terminated.

Claimant was discharged, but not for misconduct connected with work.

*Reason for decision:* The Florida Unemployment Compensation Law provides that an individual shall be disqualified for benefits if the commission finds that he voluntarily left his employment without good cause attributable to the employer, or was discharged for misconduct connected with work. Misconduct

connected with work as the term is used in the Florida Unemployment Compensation Law has been defined as a deliberate act or omission by the worker which constitutes a material breach of his duties and obligations arising out of a contract of employment, or an act or course of conduct in violation of the worker's duties which is tantamount to an intentional disregard of the employer's interest.

On January 31, 1966, claimant's employment had not actually been terminated since she had submitted medical information and was waiting for some action by the employer. However, on that date she had not heard from the employer and so she could reasonably assume that she had been terminated and therefore be justified in filing her claim for unemployment compensation benefits and to seek work elsewhere. The record and evidence in this case clearly shows that claimant was notified on February 4, 1966 that she should come in the following week to discuss her employment situation with an official of the company who was from Atlanta. Instead of waiting until Monday morning, the record shows that claimant and her husband went in the same day to discuss the matter and were then informed that the Atlanta executive would be in the office the following week subsequent to the 10th of February, and that she should come in then. The record further shows that claimant had an appointment to discuss a prospective job the following Monday and did not return to the employer's premises. When claimant did not return on February 7, 1966, she was terminated. We cannot agree with the appeals referee, that claimant quit her job, but must conclude that she was discharged. Since the record does not show any misconduct connected with work, we must conclude that claimant was discharged, but not for misconduct connected with work, and that she did not voluntarily leave her employment without good cause attributable to the employer.

*Decision:* The decision of the appeals referee, affirming the determination of the claims examiner disqualifying claimant for benefits because she voluntarily left her employment without good cause attributable to the employer, and noncharging the employment record of the employer with any benefits paid to claimant, is reversed.